UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL A. MORGAN,

                    Petitioner,

v.                                      **DECISION AND ORDER**
                                                            08-CV-650S

DAVID ROCK, Superintendent, Great Meadow
Correctional Facility

                    Respondent.

1.      Petitioner Michael A. Morgan commenced this action by filing a petition in this Court seeking federal habeas relief pursuant to 28 U.S.C. § 2254. (Docket No. 1.)[1] Thereafter, Petitioner filed a "Motion to Appoint Counsel and a Motion to File a Memorandum of Law." (Docket No. 10.) Both motions are presently before this Court.

2.      It is well settled that prisoners have no constitutional right to representation by counsel in habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993). However, the Court has discretion, under the Criminal Justice Act, to appoint counsel for any person seeking relief under 28 U.S.C. § 2254 "[w]henever ... the interests of justice so require ... ." Person v. Ercole, No. 08-CV-7532, 2009 WL 855758, at *1 (S.D.N.Y. Mar. 26, 2009) (citing 18 U.S.C. § 3006A). To determine whether the interests of justice warrant the appointment of counsel, the Court must consider a number of factors. In particular, the Court must first determine whether the petitioner's "position seems likely of substance."

---

[1] Petitioner was convicted of 2nd degree murder, and sentenced to 25 years to life. (Docket No. 1, ¶¶ 1-4.)

1

Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986); Ercole, 2009 WL 855758, at *1 (noting that the standards used to determine whether to appoint counsel in an ordinary civil case apply equally to a petitioner in a habeas proceeding).  If the petitioner meets this threshold requirement, the Court should then consider a number of additional factors, including the petitioner's ability to investigate crucial facts, and the complexity of the legal issues.  Hodge, 802 F.2d at 61-62.

3. Here, Petitioner asks this Court to appoint counsel for several reasons.  Specifically, Petitioner argues that, (1) his petition for federal habeas relief is meritorious, (2) the issues presented within the petition are complex, and (3) his medical diagnosis – paranoid schizophrenia – support his motion.

4. But despite Petitioner's assertions, this Court finds that the appointment of counsel is not warranted at this time.  For instance, after having reviewed the petition and the response, this Court is unable to conclude that the petition seems likely to be of substance.  In regards to Petitioner's argument that this case is complex, it appears, from the face of the petition, that Petitioner has a good grasp of this case and the legal issues involved.  The issues do not appear so complex such that Petitioner is unable to litigate them.  And lastly, Petitioner's medical condition, by itself, is not a relevant consideration.

5. Notwithstanding this Court's decision on Petitioner's Motion to Appoint Counsel, this Court grants Petitioner's Motion to File a Memorandum of Law.

. . .

For the foregoing reasons, this Court denies Petitioner's Motion for Appointment of Counsel without prejudice, and grants Petitioner's Motion to File a Memorandum of Law.

IT HEREBY IS ORDERED, that Petitioner's Motion for Appointment of Counsel (Docket No. 10) is DENIED without prejudice.

FURTHER, that Petitioner's Motion to File a Memorandum of Law (Docket No. 10) is GRANTED. Petitioner must submit his memorandum of law by July 3, 2009.

SO ORDERED.

Dated: April 30, 2009
      Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                       United States District Judge